FILED by __TM__ D.C.
ELECTRONIC

Apr 7, 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**15-20234-CR-COOKE/TORRES**

18 U.S.C. § 1956(h)
18 U.S.C. § 982

UNITED STATES OF AMERICA,

vs.

SALOMON BENDAYAN,

          Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

Beginning in and around August 2010, and continuing through in and around January 2012, the exact dates being unknown to the Grand Jury, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**SALOMON BENDAYAN,**

did knowingly and willfully combine, conspire, confederate with other persons known and unknown to the Grand Jury, to commit certain offenses against the United States, in violation of Title 18, United States Code, Section 1956, namely:

    1.    to knowingly conduct a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of proceeds of

specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

2. transport, transmit, and transfer funds from a place inside the United States to a place outside the United States, knowing that the funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity, and knowing that the transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

It is further alleged that the specified unlawful activity is the manufacture, importation, sale, and distribution of a controlled substance, punishable under the laws of the United States, Panama, and Colombia.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **SALOMON BENDAYAN** has an interest.

2. Upon conviction of the offenses charged in the Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

All pursuant to Title 18, United States Code, Section 982.

A TRUE BILL

_____
FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
MICHAEL B. NADLER
ASSISTANT UNITED STATES ATTORNEY

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA          CASE NO. _____

vs.
                                  **CERTIFICATE OF TRIAL ATTORNEY***
**SALOMON BENDAYAN,**

      **Defendant.**
_____/ **Superseding Case Information:**

Court Division: (Select One)        New Defendant(s)    Yes _____ No _____
                                    Number of New Defendants _____
__X__ Miami  _____ Key West         Total number of counts _____
_____ FTL    _____ WPB _____ FTP _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.
3. Interpreter: (Yes or No)    __Yes__
   List language and/or dialect    __Spanish__
4. This case will take __8__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)                     (Check only one)

   I    0 to 5 days    _____             Petty      _____
   II   6 to 10 days   __X__             Minor      _____
   III  11 to 20 days  _____             Misdem.    _____
   IV   21 to 60 days  _____             Felony     __X__
   V    61 days and over _____

6. Has this case been previously filed in this District Court? (Yes or No) __No__   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) __No__     If yes:
   Magistrate Case No.: _____
   Related Miscellaneous number: _____
   Defendant(s) in federal custody as of: _____
   Defendant(s) in state custody as of: _____
   Rule 20 from the District of: _____
   Is this a potential death penalty case? (Yes or No) __No__
7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  _____ Yes __X__ No
8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  _____ Yes __X__ No

                                          _____
                                          MICHAEL B. NADLER
                                          ASSISTANT UNITED STATES ATTORNEY
                                          FLA. BAR NO. 0051264

*Penalty Sheet(s) attached                                                      REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: SALOMON BENDAYAN

**Case No**: _____

Count #: 1

Money Laundering Conspiracy

Title 18, United States Code, Section 1956(h)

* **Max. Penalty**: Twenty (20) Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**