UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-20234-CR-COOKE(s)

UNITED STATES OF AMERICA

vs.

SALOMON BENDAYAN,

        Defendant.
_____/

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE, AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Pursuant to 18 U.S.C. § 982(a)(1), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States of America (the "United States") hereby moves for the entry of a Preliminary Order of Forfeiture in the above-captioned matter. The United States seeks, in the above-captioned matter, a forfeiture money judgment in the amount of $1 million in U.S. currency. In support of this motion, the United States provides the following factual and legal bases.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

1. On or about December 14, 2015, a Superseding Information charged Defendant Salomon Bendayan (hereinafter the "Defendant") with the operation of an unlicensed money transmitting business, in violation of 18 U.S.C. § 1960(a). *See* Information, ECF No. 42.

2. The Superseding Information contained forfeiture allegations, which alleged that upon conviction of the offense charged in the Superseding Information, the Defendant shall forfeit to the United States any property, real or personal, involved in such offense or any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). *See id.* at 2.

3. On or about December 14, 2015, the Defendant pleaded guilty to the operation of an unlicensed money transmitting business, in violation of 18 U.S.C. § 1960(a). *See* Minute Entry, ECF No. 43.

4. On or about March 20, 2017, during the sentencing hearing of the Defendant, the Court pronounced forfeiture, finding that a total of $1 million in U.S. currency was subject to forfeiture as property involved in the Defendant's violation of 18 U.S.C. § 1960(a). *See* Minute Entry, ECF No. 78.

5. Also on or about March 20, 2017, the Court entered a Judgment and Commitment Order requesting that the United States provide a preliminary order of forfeiture within three days. *See* Judgment and Commitment Order 6, ECF No. 79.

## II. LEGAL STANDARD

6. Property, real or personal, involved in a violation 18 U.S.C. § 1960, or property traceable to such property, is subject to forfeiture. *See* 18 U.S.C. § 982(a)(1). *See also* 18 U.S.C. § 981(a)(1)(A) (made criminally applicable by 28 U.S.C. § 2461). If a defendant is convicted of such a violation, the Court "shall order" the forfeiture of the property as part of the sentence. *See* 18 U.S.C. § 982(a)(1); 28 U.S.C. § 2461(c). As part of the defendant's sentence, criminal forfeiture is governed by the preponderance standard. *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003). *See also Libretti v. United States*, 516 U.S. 29, 38-39 (1995) (holding that forfeiture is an "element of the sentence").

7. A forfeiture order may be sought as a money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A), (2)(A). *See also United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008) (holding that Federal Rules of Criminal Procedure "explicitly contemplate the entry of money judgments in criminal forfeiture cases"). Upon finding that property is subject to forfeiture, the

Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(2)(A).

8.  The Court determines the amount of the money judgment "based on evidence already in the record, including any written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). The amount of the money judgment should represent the full sum of the illegal proceeds, regardless of the defendant's ability to satisfy the judgment at the time of sentencing. *See United States v. McKay*, 506 F. Supp. 2d 1206, 1211 (S.D. Fla. 2007) (adopting the majority rule). *See also United States v. Blackman*, 746 F.3d 137, 143-44 (4th Cir. 2014) ("The fact that a defendant is indigent or otherwise lacks adequate assets to satisfy a judgment does not operate to frustrate entry of a forfeiture order. . . . To conclude otherwise would enable wrongdoers to avoid forfeiture merely by spending their illegitimate gains prior to sentencing."); *United States v. Vampire Nation*, 451 F.3d 189, 201-03 (3rd Cir. 2006) (money judgments "are appropriate even where the amount of the judgment exceeds the defendant's available assets at the time of conviction"); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (" ... [E]ven if a defendant does not have sufficient funds to cover the forfeiture at the time of the conviction, the government may seize future assets to satisfy the order.").

9.  If directly forfeitable property is not available, the Court may order the forfeiture of substitute assets to satisfy a money judgment. *See* 21 U.S.C. § 853(p); 28 U.S.C. § 2461(c); Fed. R. Crim. P. 32.2(e). Substitute assets are available for forfeiture upon a showing that, due to

the defendant's act or omission, directly forfeitable property:

    (A) cannot be located upon the exercise of due diligence;
    (B) has been transferred or sold to, or deposited with, a third party;
    (C) has been placed beyond the jurisdiction of the court;
    (D) has been substantially diminished in value; or
    (E) has been commingled with other property which cannot be divided without difficulty.

21 U.S.C. § 853(p).

The government may establish such unavailability through an agent's declaration. *See United States v. Seher*, 562 F.3d 1344, 1373 (11th Cir. 2009).

### III. DISCUSSION

10. Based on the Defendant's guilty plea and the Court's findings at sentencing, the Court should enter a Preliminary Order of Forfeiture for a forfeiture money judgment in the amount of $1 million in U.S. currency, a sum equal in value to the property involved in the Defendant's violation of 18 U.S.C. § 1960, as charged by the Superseding Information in this matter.

11. Accordingly, the Court should issue the attached proposed order, which provides for the entry of a forfeiture money judgment in the sum of $1 million in U.S. currency; the inclusion of the forfeiture as part of the Defendant's sentence and judgment in this case; publication of notice of the forfeiture; preservation of property; and permission to conduct discovery to locate assets ordered forfeited.

WHEREFORE, pursuant to 18 U.S.C. § 982(a)(1), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States respectfully requests the entry of the attached order.

>Respectfully submitted,
>
>BENJAMIN G. GREENBERG
>ACTING UNITED STATES ATTORNEY

By:  s/ Nalina Sombuntham
Nalina Sombuntham
Assistant United States Attorney
Fla. Bar No. 96139
99 N.E. 4th Street, 7th Floor
Miami, Florida   33132-2111
Telephone:   (305) 961-9224
Facsimile:   (305) 530-6166
nalina.sombuntham2@usdoj.gov

## LOCAL RULE 88.9 CERTIFICATION

The undersigned counsel hereby certifies that on or about December 14, 2015, the Defendant and his counsel signed an agreement in which they agreed not to oppose the United States in its motion for entries of orders of forfeiture.

>s/ Nalina Sombuntham
>Nalina Sombuntham
>Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically using CM/ECF on March 21, 2017, on all parties of record on the Service List below.

s/ Nalina Sombuntham
Nalina Sombuntham
Assistant United States Attorney

Service List

Michael Brian Nadler
Assistant United States Attorney
99 Northeast 4th Street
Miami, Florida  33132-2111
Telephone:    305-961-9007
Facsimile:    305-536-7213
michael.nadler@usdoj.gov

Nalina Sombuntham
Assistant United States Attorney
U.S. Attorney's Office
99 N.E. 4th Street, 7th Floor
Miami, Florida  33132-2111
Telephone:    305-961-9224
Facsimile:    305-530-6166
nalina.sombuntham2@usdoj.gov
*Counsel for the United States*

Howard Brownstein
PRO HAC VICE
Brownstein Law & Associates
512 42nd Street
Union City, NJ 07087
Telephone:    201-866-4949
Facsimile:    201-866-4161
hbb@bba-law.com

Leonardo Simeon Viota-Sesin
1840 West 49th Street, Suite # 718
Hialeah, FL 33012
Telephone:    305-231-7767
Facsimile:    941-875-9230
lviota@aol.com
*Counsel for the Defendant Salomon Bendayan*